UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:19CR130-PPS/APR |
| ) | |
| IMARI HENRY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Imari Henry is charged with conspiracy to distribute heroin and crack cocaine, and three additional counts of distribution. Although the imprisonment Henry faces on these charges exposed him to a rebuttable presumption in favor of pretrial detention, the magistrate judge initially was persuaded that conditions of supervision existed that would adequately address the risks that Henry would be a danger to the community or fail to make required court appearances in this case. [DE 26, 29.] In mid-November 2019, Henry was released on terms including location monitoring. [DE 29 at 2.] In early December, Henry requested the magistrate judge's approval of a change of residence. [DE 33.] At a hearing on December 13, Magistrate Judge Rodovich granted that motion, and ruled that Henry was allowed to move to the other residence when the pretrial services officer gave the okay. [DE 37.]

On January 2, 2020, however, the pretrial services officer petitioned the court to issue an arrest warrant for Henry, based on allegations that he had violated several conditions of his pretrial release. [DE 38.] The allegations involved Henry's movement

from the one residence to the other, including his transfer of the location monitoring equipment, prior to receiving the required permission of a pretrial services officer. The second incident cited in the arrest petition was Henry's arrest for Aggravated Assault after his girlfriend called the police and reported that Henry had waved a knife in her face in a threatening manner. At a hearing on January 7, Judge Rodovich revoked Henry's bond, concluding that Henry had moved the location monitoring box without the permission of pretrial services and accepting the allegations as to the threats made to the girlfriend.

In early May, Henry filed a motion for review of that detention order, pursuant to 18 U.S.C. §3145(b). The motion was briefed, and I held an in-person evidentiary hearing on June 5. The question of Henry's detention after revocation is subject to my review de novo. My review of the entire record persuades me that the allegation that Henry prematurely moved the location monitoring equipment is not adequate cause to revoke the previously granted pretrial release. The directions Henry received from the pretrial services officer (at least as related by proffer to Judge Rodovich and to me) could have genuinely been confusing to Henry, the move of residence had been previously approved by the court, and no ill intent on Henry's part has been demonstrated. The violation of supervision conditions was at most a technical one, likely based on a misunderstanding between Henry and the Illinois pretrial services officer monitoring him.

Of greater concern is the allegation that Henry committed an assault on his then-girlfriend on January 1, 2020.  Such a charge is of course a serious one, and I don't take it lightly.  But as I explained at Friday's hearing, my decision must depend on the record that is made before me.  In support of the alleged violation, the government rested on its response to Henry's motion, noting that an assault charge was filed in Illinois.  The government was not prepared to call the girlfriend or any other witness to testify, but Henry was sworn and offered testimony disputing the assault allegation.  Henry credibly testified that on the night in question, he had an argument with one of the girlfriend's male cousins who was visiting the residence, after which police showed up in response to a phone call the girlfriend had made unbeknownst to Henry.  He unequivocally denied having possessed, much less brandished, any knife or other weapon.  On this showing, I conclude that the alleged pretrial release violation has not been adequately supported, and does not warrant the revocation of Henry's previous release on conditions. Out of an abundance of caution, however, I will add a condition of release forbidding Henry from intentional contact with his former girlfriend and the other individuals involved in the January 1 incident.

As for the presumption in favor of Henry's pretrial detention, I am satisfied, as Judge Rodovich initially was, that conditions exist that adequately address the risks of Henry's non-appearance or danger to the community.  Prior to his arrest in this case, Henry was working continuously and meeting his child support obligations.  He professes an intention to resume those efforts.  Henry proposes to reside with his

3

brother Malik at an address in Chicago Heights, Illinois.  Since the adjournment of my hearing, pretrial services has conducted a home assessment on that residence and reports to me that it is suitable for location monitoring.

ACCORDINGLY:

Defendant Imari Henry's Motion for Review of Detention Order [DE 74] is GRANTED. The district court has reconsidered the magistrate judge's revocation of Henry's bond, and reinstates Henry's pretrial release on the conditions previously set out in the November 15, 2019 Order Setting Conditions of Release [DE 29] with the understanding that Henry is approved for residence with his brother Malik at 378 W. 16th St. in Chicago Heights, IL 60411. As a new and additional condition of release, Henry is forbidden from intentional contact with his former girlfriend and the other individuals involved in the January 1, 2020 incident.

The defendant is ordered RELEASED after processing.

SO ORDERED.

ENTERED: June 8, 2020.

                                  /s/ Philip P. Simon
                                  PHILIP P. SIMON, JUDGE
                                  UNITED STATES DISTRICT COURT